REDMANN, Judge,
concurring.
I concur on the basis that, as a matter of law, a 1.75" drop (over so short a distance as 4.25") in floor level is a premises defect for injury from which the owner may be liable.
The trial judge has already expressly reasoned that plaintiffs’ is “a vain and useless crusade, which can only end in judgment against them, after a long and costly trial.” His view seems to be that Kospelich held a 6" step-down not defective and therefore any lesser step is not defective. But a closer reading persuades that Kospelich was not concerned with the height of the step but with the condition of the deteriorated sill at its top (the slant of which is described as seven or eight degrees, compared to 22 ° [the angle whose tangent is 1.75/4.25] for the sill in our case). If we do not disabuse the trial judge of his belief that Kospelich controls, and if we tell him that it is a simple matter of trial versus summary judgment and no new facts arise at trial, we gain nothing but the chance to hear “I told you so.”
If, indeed, plaintiff wife fell because the change in floor level caused her loss of footing and the circumstances ■ (the door, especially, also floor colorings, etc.) excuse her not being aware of the change and thus negate contributory negligence, then plaintiffs should recover.